## Mildred Kenney, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 15,019.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 31, 1910.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant; JOHN R. HARRINGTON, of counsel.

MILES J. DEVINE, for appellee; JOHN T. MURRAY, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff, a minor of the age of about ten years, claiming to have been injured while a passenger on a car of defendant, brought this action by her next friend to recover compensation. A trial before the court and jury resulted in a verdict and judgment for $1,750, and defendant prosecutes this appeal seeking a reversal of that judgment, and argues that the verdict is against the manifest weight of the evidence and that the damages are excessive.

The declaration of one count charges that on November 10, 1906, plaintiff was a passenger on defendant's car, and while attempting to alight therefrom at the intersection of 52nd and Halsted streets, Chicago, the car having stopped for that purpose, the defendant carelessly and negligently caused the car to be suddenly and violently started and that the plaintiff was thereby thrown with great force from the car to the ground and injured.

The cause of plaintiff was maintained by her own

testimony and that of one Thomas Minnick, who swore that he was an eye witness of the accident, having left the car while it was in motion and before plaintiff started to alight, and that he looked toward the car after reaching the ground and witnessed the occurrence. The motorman and conductor of the car disclaimed any knowledge of the occurrence and therefore did not report it to the company, and counsel say that this is therefore what is known among street car men as a "blind case." That the plaintiff fell and was injured is not denied, although the manner in which the accident occurred is not, defendant insists, attributable to its negligence. It is patent that the testimony of plaintiff and Minnick, standing in the record without challenge, would be sufficient to charge defendant with the negligence alleged as the procuring cause of the accident. After the admission of countervailing proof, it was for the jury to settle the disputes and reconcile the conflict in the testimony by their verdict. But defendant's counsel insist with much fervor and apparent sincerity, that the testimony of plaintiff is so inherently improbable that both herself and her witnesses are unworthy of belief. Singular, among other instances, is the fact, that several members of plaintiff's family, including the father, mother, sister and brother of plaintiff had suffered from personal injuries and some of them had been engaged in litigation with defendant and the city of Chicago in relation thereto. This is a remarkable history of the misfortunes of one family, comparable to the troubles so graphically depicted by Goldsmith in the "Vicar of Wakefield." Counsel insinuates that the claims of these members of plaintiff's family must have been without merit and manufactured for the purpose of illegally procuring compensation for damages for injuries which they did not suffer; that they are professional personal injury claimants, and therefore plaintiff is not entitled to recover. However, aside from the fact that so many members of one family have made claims for personal

injuries, which fact may tend to justify or arouse a suspicion of their merit, there is nothing in the evidence tending to prove that any of the claims were not genuine. The medical witnesses for both parties testified. Dr. Leaming attended plaintiff the day after the accident. He claims he made a thorough physical examination of plaintiff and failed to find that she was suffering from any physical difficulties or maladies of a serious character; while the mother and sister of plaintiff testified to the effect that his examination was merely superficial. If Dr. Leaming failed to discover that plaintiff was suffering from any serious injury, whether upon a thorough or a superficial examination, there is the testimony of Dr. John D. McGregor, who had charge of plaintiff's case from the inception of her difficulties, to the purport that she was very seriously and painfully injured. He swore plaintiff suffered from an injury to her left shoulder, neck, and right hip; that she also suffered from shock; that she was a healthy, rosy little girl before the accident, and after it became weak, thin and nervous; that at the time of the trial she had not recovered from her nervousness, and that she was then suffering from synovitis, and that the motion of her right leg was somewhat impaired. The jury had all these witnesses before them and were cognizant of their manner when upon the witness stand, could observe their fairness or bias, whichever was made to appear, their intelligence or lack of it, if such was made manifest—privileges denied us, and were therefore, as we have often said before, in like cases, better able than we are to say which witnesses were the most credible and worthy of belief, and to find their verdict accordingly. Between Dr. Leaming and Dr. McGregor the medical witnesses for each side, it became the duty of the jury to say which was the most worthy of belief, and especially is this so from the fact that some of plaintiff's lay witnesses testified in contradiction of Dr. Leaming. The determination of the jury as to the veracity of these several witnesses is

not to be nullified by this court unless we can say, the whole testimony considered, that the verdict is manifestly contrary to its weight. We do not feel that we are justified in reaching such a conclusion and consequently we cannot disturb the verdict which the jury rendered and which the court sanctioned as meeting his views of probative force, by denying defendant's motion for a new trial and giving a judgment upon the verdict.

It was likewise the duty of the jury to measure the damages which should be awarded for the injuries suffered by plaintiff as a result of the negligence charged in the declaration, so far as they might believe such injuries were substantiated by the proofs. If they believed Dr. McGregor's account of such injuries in preference to Dr. Leaming's, which they evidently did, we are not only unable to say that the damages are excessive, but on the contrary we are inclined to the opinion that they are moderate.

The record has no reversible error in it, and the judgment of the Superior Court is affirmed.

*Affirmed.*